# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| JACQUELINE MCAFERTY, individually and on behalf of all other similarly situated, § § § § Plaintiff(s), § § v. § § ELON MUSK & AMERICA PAC, § § Defendant(s). § | Case No.: 1:24-cv-1346-RP |

## JOINT FEDERAL RULE OF PROCEDURE 26 REPORT

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff brings this case against Defendants for fraud, breach of contract, and for injunctive relief. Plaintiff seeks to certify a class of similarly situated persons under Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3).**

**As set out fully in their Motion to Dismiss (Doc. 5), Defendants assert the following defenses: (1) Plaintiff lacks standing because she has not alleged cognizable injury; (2) Plaintiff's claims fail because she did not plead fraud with particularity as Federal Rule of Civil Procedure 9(b) requires; (3) Plaintiff's fraud claim fails because she has alleged no false representation by Defendants; (4) Plaintiff's breach of contract claim fails**

**because she does not allege the existence of a valid or enforceable contract; and (5) because Plaintiff's fraud and breach of contract claims fail so does her claim for injunctive relief. Defendants have not asserted any counterclaims.**

2. Are there any outstanding jurisdictional issues? **Defendants argue that the Court lacks jurisdiction for the reasons in their Motion to Dismiss (Doc. 5).**

For removed cases based on diversity jurisdiction:

    a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy. **NA.**

    b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists? **NA.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed? **There are no unserved parties.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action? **There are no stipulations at this time.**

5. Are there any legal issues in this case that can be narrowed by agreement or by motion? **Plaintiff believes some discovery is necessary before the parties can determine how, if at all, to narrow the legal issues in this case.**

**Defendants believe that no discovery is necessary because their Motion to Dismiss should be granted, but believe that if said motion is not granted, discovery into Plaintiff's standing would allow Defendants to file a motion for summary judgment that would dispose of this case entirely.**

6. Are there any issues about preservation of discoverable information? **The Parties anticipate discussing the prospect of an ESI protocol as soon as practicable.**

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata? **Plaintiff proposes all documents be produced in Native and .pdf format. Defendants propose that all documents be produced in Native or .pdf format.**

8. What are the subjects on which discovery may be needed? **The Parties have proposed bifurcation of discovery into the merits of the Parties' claims and defenses and class discovery. Therefore, the Parties anticipate sending written discovery and deposing fact witnesses on the merits of the Parties' claims and defenses before engaging in classwide discovery.**

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures? **The Parties have not made Initial Disclosures. The parties have agreed to exchange such disclosures on or before May 5, 2025.**

10. What, if any, discovery has been completed? What discovery remains to be

done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery? **The Parties have proposed bifurcation of discovery of the Parties' claims and defenses and class discovery. Therefore, the Parties anticipate sending written discovery and deposing fact witnesses on the merits of the Parties' claims and defenses before engaging in classwide discovery.**

11. What, if any, discovery disputes exist? **There are no discovery disputes at this time.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502? **The Parties have not discussed this item but will do so when appropriate.**

13. Have the parties discussed early mediation? **The Parties believe mediation will be more fruitful after the Court's ruling on Defendant's Motion to Dismiss and after completion of some discovery.**

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention? **The Parties anticipate discussing the terms of a Confidentiality and Protective Order.**

| | |
|---|---|
| */s/Jarrett L. Ellzey* | April 21, 2025 |
| Jarrett L. Ellzey | Date |

Texas Bar No. 24040864
jellzey@eksm.com
Leigh S. Montgomery
Texas Bar No. 24052214
lmontgomery@eksm.com
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, TX 77006
Telephone: (888) 350-3931
Facsimile: (888) 276-3455

Josh Sanford
Texas Bar No. 24077588
josh@sanfordlawfirm.com
SANFORD LAW FIRM PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

**Attorneys for Plaintiff**

| | |
|---|---|
| */s/ Anne Marie Mackin* | April 21, 2025 |
| Anne Marie Mackin | Date |

Texas State Bar No. 24078898
Lex Politica PLLC
P.O. Box 341015
Austin, TX 78734
Telephone: (512) 354-1785
amackin@lexpolitica.com

Andy Taylor
Texas State Bar No. 19727600
Andy Taylor & Associates, P.C.
2628 Highway 36S #288
Brenham, TX 77833
Telephone: (713) 412-4025
ataylor@ataylorlaw.com

**Attorneys for Defendants**