IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
June 11, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____kf_____
                         DEPUTY

| | |
|---|---|
| JACQUELINE MCAFERTY, individually and on behalf of all other similarly situated | § § § § |
| Plaintiff(s), | § § |
| v. | § § |
| ELON MUSK & AMERICA PAC, | § § § |
| Defendant(s). | § |

1:24-CV-1346-RP

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before July 12, 2025.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before October 15, 2025, and each opposing party shall respond, in writing, on or before November 15, 2025. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before July 12, 2025.

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before August 3, 2025.

5. Discovery shall be conducted in phases. The first phase ("Phase One") will be discovery on Plaintiff's fraud and breach-of-contract claims, including discovery relating to the parties' claims and defenses, including McAferty's participation in the America PAC petition program and the overall details and circumstances of that program. Phase One discovery will not include discovery into the specific or unique details about any other individual participants in said program. The parties shall complete Phase One discovery on <u>October 1, 2025</u>.

6. After completion of Phase One discovery, Defendants may move for summary judgment on any or all live claims in the case no later than <u>November 4, 2025</u>. Said motion shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

7. Should the Court wholly or partially deny any summary judgment motion on the Phase One issues (*i.e.*, Plaintiff's remaining live claims in the case as of the filing of the summary judgment motion), Phase Two discovery on issues related to class certification and any other outstanding fact questions shall commence upon the date that the Court decides Defendants' Phase One summary judgment motion. If Defendants do not file a Phase One summary judgment motion, Phase Two discovery shall commence on <u>November 4, 2025</u>.

8. Plaintiffs shall file a motion for class certification on or before <u>April 1, 2026</u>. Said motion shall be limited to 30 pages. Responses shall be filed and served on all other parties not later than 30 days after the service of the motion and shall be limited to 30 pages. Any replies

      shall be filed and served on all other parties not later than 14 days after the service of the response and shall be limited to 20 pages, but the Court need not wait for the reply before ruling on the motion.

9. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>September 1, 2026</u>. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>November 1, 2026.</u> All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

10. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

11. The parties shall complete all discovery on or before <u>December 15, 2026</u>.

12. All dispositive motions shall be filed on or before <u>February 1, 2027</u> and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

13. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

14. This case is set for ____jury____ trial commencing at 9:30 a.m. on _____July 6_____, 20_27___.

    Jury selection may be conducted by a Magistrate Judge and may occur the Friday before the case is set for trial. Because criminal and civil cases are often set for the same trial week, the Court may need to reschedule your trial shortly before the trial date. If the parties resolve their dispute after 5:00 p.m. the day before jury selection or resolve their dispute earlier but fail to timely notify the Court, the parties may be assessed up to $5,000 for the lost opportunity to schedule other matters and to cover court costs like summoning the jury panel and paying the fees of the jury panel.

    The parties may modify the deadlines in this order by agreement, with the exception of the dispositive motions deadline, hearing dates, and trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this order. For cases brought pursuant to the Freedom of

Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____June 11_____, 20__25__.

 _____
 ROBERT PITMAN
 UNITED STATES DISTRICT JUDGE