IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCAFERTY, individually and on behalf of all others similarly situated, *Plaintiff,* | § § § § | |
| vs. | § § | No. 1:24-cv-1346 |
| ELON REEVE MUSK & AMERICA PAC, *Defendants.* | § § § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Defendants Elon Reeve Musk and America PAC ("Defendants"), by and through undersigned counsel, respectfully submit this Answer to Plaintiff Jacqueline McAferty's Original Class Action Complaint, Doc. 1 ("Complaint").

Pursuant to Federal Rule of Civil Procedure 8(b), except as expressly admitted herein, Defendants deny each and every allegation in the Complaint and deny that Plaintiff (or any putative class) is entitled to any relief whatsoever. Defendants specifically deny that they engaged in any unlawful conduct (including without limitation any misrepresentation or omission), that Plaintiff suffered any cognizable injury or damages, or that Plaintiff or any putative class member is entitled to any recovery in this action.

To the extent the Complaint quotes or paraphrases documents, videos, or statements, Defendants state that such materials speak for themselves as to their contents and deny any inconsistent characterization. To the extent the Complaint asserts legal conclusions, argument, or characterizations rather than factual allegations, no response is required; to the extent a response is deemed required, such allegations are denied. Defendants further deny that the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied and deny that this case is appropriate for class treatment.

Defendants reserve the right to assert additional defenses and objections as they become known through discovery or otherwise, and the filing of this Answer does not waive any rights, claims, or defenses available to Defendants under law.

The headings and numbered paragraphs below correspond to sections and numbered paragraphs in the Complaint and are reproduced in this Answer for organizational purposes only. Defendants deny any substantive allegations contained in those headings unless otherwise expressly admitted herein and respond to the numbered allegations as follows.

## JURISDICTION AND VENUE

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent any response is required, Defendants admit only that Plaintiff purports to invoke the Class Action Fairness Act, 28 U.S.C. § 1332(d). Defendants deny that the requirements of the statute are satisfied, deny that jurisdiction is proper in this Court, and deny any remaining factual allegations in this paragraph requiring a response.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff is domiciled in Arizona, and on that basis, deny. Defendants admit that Mr. Musk has a residence in Texas, and that America PAC maintains its headquarters in Texas. Defendants deny that complete diversity exists or that jurisdiction is proper under 28 U.S.C. § 1332(a), and deny any other allegations in this paragraph requiring a response.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent any response is required, Defendants admit that Mr. Musk maintains a residence in this District and that America PAC maintains its headquarters in this District. Defendants deny any other allegations in this paragraph requiring a response.

## PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph 4 and on that basis deny them.

5.      Defendants admit that Defendant Elon Musk is a United States citizen and that he maintains a residence in Travis County, Texas.

6.      Paragraph 6 quotes America PAC's website, which speaks for itself. To the extent any further response is required, Defendants admit that America PAC is a political action committee and that Mr. Musk founded it.

7.      Paragraph 7 is denied as stated. To the extent any further response is required, Defendants admit that Mr. Musk founded America PAC and has publicly spoken about its activities, including through social media posts and at events; and admit that Mr. Musk is the majority owner of the social media company X (formerly Twitter). To the extent that Mr. Musk made donations to America PAC, those are publicly reported on America PAC's reports with the Federal Election Commission. Defendants deny all remaining allegations in Paragraph 7 requiring a response.

8.      Admit.

## FACTUAL ALLEGATIONS

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent any response is required, Defendants admit that the Complaint speaks for itself as to Plaintiff's allegations in this case. Defendants deny that Plaintiff has stated a valid claim for relief, deny that class certification under Rule 23 is appropriate, deny that Plaintiff or any putative class is entitled to any recovery, and deny Paragraph 9 in all other respects.

10.      Paragraph 10 is denied as stated. Paragraph 10 purports to refer to and quote America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms" (the "Petition"); however, the hyperlink in this Paragraph connects to a different America PAC petition ("Petition in Opposition to

Activist Judges") not at issue in this case. Both the Petition at issue in this case and the Petition in Opposition to Activist Judges speak for themselves. To the extent any further response is required, Defendants admit that America PAC launched the Petition in October 2024; admit that the Petition was open to registered voters in Pennsylvania, Georgia, Nevada, Arizona, Michigan, Wisconsin, and North Carolina; admit that the Petition specified an expiration date of November 5, 2024; and admit that America PAC offered $47 payments to verified Eligible Voters who successfully referred other verified Eligible Voters to sign the Petition.

11.     Paragraph 11 is denied as stated. Paragraph 11 purports to quote and characterize a third-party media report; Defendants do not adopt any quotation, paraphrase, or characterization contained in media reports. To the extent any further response is required, Defendants admit that Mr. Musk's statements at an October 19, 2024 town hall; Mr. Musk's X posts; and America PAC's X posts, website, and Petition speak for themselves as to their contents. Defendants deny the allegations in this Paragraph in all other respects.

12.     Paragraph 12 is denied as stated. Paragraph 12 purports to selectively quote from a post and embedded video uploaded to the social media platform X. The post and video speak for themselves. To the extent any further response is required, Defendants admit that Mr. Musk made remarks at an October 19, 2024 event and that a video of those remarks was uploaded and posted to America PAC's official X account. The post and the video speak for themselves. Defendants deny the allegations in this paragraph in all other respects.

13.     Paragraph 13 is denied as stated. Paragraph 13 purports to selectively quote from a post and embedded video uploaded to the social media platform X. The post and video speak for themselves. To the extent any further response is required, Defendants admit that Mr. Musk made remarks at an October 19, 2024 event and that a video of those remarks was uploaded and posted to

America PAC's official X account. The post and video speak for themselves. Defendants deny the allegations in this Paragraph in all other respects.

14.     Paragraph 14 is denied as stated. Paragraph 14 purports to selectively quote from a post and embedded video uploaded to the social media platform X. The post and video speak for themselves. To the extent any further response is required, Defendants state that Mr. Musk made remarks at an October 19, 2024 event and that a video of those remarks was uploaded and posted to America PAC's official X account. The post and video speak for themselves. Defendants further admit that at that event John Dreher was offered the opportunity to earn $ 1 million as a paid spokesperson. Defendants deny the allegations in this Paragraph in all other respects.

15.     Paragraph 15 is denied as stated. Paragraph 15 purports to selectively quote from a post and embedded video uploaded to the social media platform X. The post and video speak for themselves. To the extent any further response is required, Defendants state that Mr. Musk made remarks at an October 19, 2024 event and that a video of those remarks was uploaded and posted to America PAC's official X account. The post and video speak for themselves. Defendants further state that at that event John Dreher was offered the opportunity to earn $ 1 million as a paid spokesperson. Defendants deny the allegations in this Paragraph in all other respects.

16.     Paragraph 16 is denied as stated. Paragraph 16 purports to selectively quote from a post and embedded video uploaded to the social media platform X. The post and video speak for themselves. To the extent any further response is required, Defendants state that Mr. Musk made remarks at an October 19, 2024 event and that a video of those remarks was uploaded and posted to America PAC's official X account. The post and video speak for themselves. Defendants further state that at that event John Dreher was offered the opportunity to earn $ 1 million as a paid spokesperson. Defendants deny the allegations in this Paragraph in all other respects.

17. Paragraph 17 is denied as stated. Paragraph 17 purports to selectively quote from a post uploaded to the social media platform X. The post speaks for itself. To the extent any further response is required, Defendants admit that on or about October 19, 2024, an America PAC post was published that included a link to the Petition. The post speaks for itself. Defendants deny the allegations in this Paragraph in all other respects.

18. Paragraph 18 is denied as stated. Paragraph 18 purports to selectively quote from a post uploaded to the social media platform X. The post speaks for itself. To the extent any further response is required, Defendants state that on or about October 19, 2024, Mr. Musk posted a message on his X account, which speaks for itself. Defendants deny the allegations in this Paragraph in all other respects.

19. Paragraph 19 is denied as stated. Paragraph 19 purports to quote and characterize a third-party media report; Defendants do not adopt any quotation, paraphrase, or characterization contained in media reports. Moreover, the hyperlink Plaintiff refers to currently resolves to a webpage displaying a "404 page not found" message. Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 to the extent they rely on that article and therefore deny them. To the extent any further response is required, Defendants admit that America PAC held an event on October 20, 2024, during which Kristine Fiskell was offered the opportunity to earn $ 1 million as a paid spokesperson. Defendants deny the allegations in this Paragraph in all other respects, including without limitation any assertion that any selection was by a "random drawing," that Ms. Fiskell was a "winner."

20. Denied.

21. Paragraph 21 is denied as stated. Paragraph 21 purports to refer to and quote America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms" (the "Petition"); however, the hyperlink Plaintiff cites as a reference connects to the Petition in Opposition to Activist Judges, which

is not at issue in this case. Both the Petition here and the Petition in Opposition to Activist Judges speak for themselves. To the extent any further response is required, Defendants admit that the Petition included a "Sign Petition" button and stated that a cell phone number would be used only to confirm that the signer is the legitimate petition signer and for no other purpose. Defendants deny the allegations in this Paragraph in all other respects.

22.     Denied.

23.     Denied.

24.     Paragraph 24 is denied as stated. Defendants deny Plaintiff's characterization of spokespersons as "winners" and any assertion that postings "garnered significant public and press attention" or "drove significant traffic" to the X platform. To the extent any further response is required, Defendants admit that spokespersons were profiled on America PAC's website and X account; any such materials speak for themselves. Defendants deny the allegations in this Paragraph in all other respects.

25.     Admitted.

26.     Paragraph 26 is denied as stated. Paragraph 26 purports to quote and characterize a third-party media report; Defendants do not adopt any quotation, paraphrase, or characterization contained in media reports. To the extent any further response is required, Defendants state that the transcript of the referenced proceeding speaks for itself as to the contents of counsel's representations and deny the allegations in this Paragraph in all other respects.

27.     Paragraph 27 is denied as stated. Paragraph 27 purports to quote and characterize a third-party media report; Defendants do not adopt any quotation, paraphrase, or characterization contained in media reports. To the extent any further response is required, Defendants state that the transcript of the referenced proceeding speaks for itself as to the contents of counsel's representations and deny the allegations in this Paragraph in all other respects.

28.     Paragraph 28 is denied as stated. Paragraph 28 purports to quote and characterize a third-party media report; Defendants do not adopt any quotation, paraphrase, or characterization contained in media reports. To the extent any further response is required, Defendants state that the transcript of the referenced proceeding speaks for itself as to the contents of counsel's representations and deny the allegations in this Paragraph in all other respects.

29.     Paragraph 29 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that Paragraph 29 correctly describes any statement by any Defendant, and deny this Paragraph in all other respects.

30.     Deny that any Defendant made any false statement.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 31 and therefore deny it.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 32 and therefore deny it.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her purported "reliance," and therefore deny it. Defendants further deny that this Paragraph correctly characterizes any statement by any Defendant.

34.     Denied.

35.     Paragraph 35 asserts legal conclusions and speculative, hypothetical assertions of Plaintiff's subjective intent to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 asserts legal conclusions, argumentative characterizations, and putative class allegations to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 36.

## CLASS ALLEGATIONS

37.     Paragraph 37 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that any class may be certified under Rule 23(b)(3) (or any provision of Rule 23), deny that Plaintiff is a proper class representative, and deny that the proposed class—"All citizens of the United States who signed the America PAC Petition"—is ascertainable, appropriate, or otherwise satisfies Rule 23. Defendants further deny that the Petition was open to "all citizens of the United States," and deny that the requirements of Rule 23(a) or 23(b) are met.

38.     Paragraph 38 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that any class is certifiable and deny that any exclusions or subclassing remedy the defects in Plaintiff's proposed class.

39.     Paragraph 39 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that any modification could cure the defects in the proposed class or render it certifiable under Rule 23, and reserve all rights to oppose any future motion for class certification.

40.     Paragraph 40 asserts legal conclusions, arguments, and putative class-wide injury allegations to which no response is required. To the extent any response is required, Defendants deny that each or any putative class member suffered harm, deny that Defendants engaged in any fraudulent acts, and deny that common issues predominate or that class treatment is appropriate.

41.     Paragraph 41 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that Plaintiff is a member of any certifiable class and deny that any class should be certified.

42.     Paragraph 42 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that the proposed class

is ascertainable or can be identified through records of "individuals who signed the petition," and deny that any such records establish class membership or liability.

43. Paragraph 43 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that the proposed class exceeds one million persons, deny that joinder would be impracticable, and deny that Rule 23(a)(1) is satisfied.

44. Paragraph 44 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that questions of law or fact common to the proposed class exist or predominate, deny that the listed issues are susceptible to class-wide proof, and deny that Rule 23(a)(2) is satisfied.

45. Paragraph 45 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that Plaintiff's claims are typical of any putative class, deny that Plaintiff is entitled to relief, and deny that Rule 23(a)(3) is satisfied.

46. Paragraph 46 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that Plaintiff will fairly and adequately protect the interests of any class, deny that Plaintiff is an adequate representative, and deny that Rule 23(a)(4) is satisfied.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that common issues predominate over individual issues, deny that a class action is superior to other methods of adjudication, and deny that Rule 23(b)(3) is satisfied.

48. Paragraph 48 asserts legal conclusions, speculation, and argument to which no response is required. To the extent any response is required, Defendants deny that individual prosecutions would be burdensome or impracticable, deny that class treatment would confer "substantial benefits," and deny that Plaintiff has shown superiority, manageability, or any other Rule 23 requirements.

49.     Paragraph 49 asserts legal conclusions regarding Rule 23(b)(2) to which no response is required. To the extent any response is required, Defendants deny that Defendants acted or refused to act on grounds generally applicable to the proposed class, deny that injunctive or declaratory relief is appropriate on a class-wide basis, and deny that Rule 23(b)(2) is satisfied.

## CAUSES OF ACTION

50.     Paragraph 50 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiff purports to incorporate and deny any remaining allegations in Paragraph 50.

51.     Paragraph 51 sets forth legal conclusions regarding the Texas Constitution to which no response is required. To the extent any response is required, Defendants deny that Tex. Const. art. I, § 13 creates any private cause of action, establishes liability, or otherwise supports Plaintiff's claims or request for class certification in this case.

## COUNT I: FRAUD BY ALL DEFENDANTS

52.     Paragraph 52 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiff purports to incorporate and deny the remaining allegations in Paragraph 52.

53.     Paragraph 53 recites legal standards and asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that the cited authorities establish liability here or that Plaintiff can satisfy any element of a fraud claim under Texas law.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Paragraph 57 asserts legal conclusions and argument to which no response is required. To the extent any response is required, Defendants admit that they encouraged individuals to sign the Petition and deny the balance of this Paragraph.

58.     Paragraph 58 asserts legal conclusions and speculation regarding Plaintiff's and unnamed individuals' motives, to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore deny them.

59.     Denied.

60.     Denied.

## COUNT II: BREACH OF CONTRACT BY ALL DEFENDANTS

61.     Paragraph 61 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiff purports to incorporate and deny the remaining allegations in Paragraph 61.

62.     Paragraph 62 recites legal standards and asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny that Plaintiff can establish any element of breach-of-contract claim here.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Paragraph 66 asserts legal conclusions and speculation regarding Plaintiff's and unnamed individuals' motives, to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and therefore deny them.

67.     Denied.

68.     Denied.

## COUNT III: VIOLATIONS OF THE UNCONSCIONABILITY ARM OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

69.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

70.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

71.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

72.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

73.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

74.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

75.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

76.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

77.     Plaintiff's Count III (DTPA) has been dismissed by the Court's August 20, 2025 Order; no response is required. To the extent that this Paragraph contains any allegation of fact requiring a response, Defendants deny.

## COUNT IV: INJUNCTIVE RELIEF UNDER FED. R. CIV. P 23(b)(2)

78.     Paragraph 78 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiff purports to incorporate and deny the remaining allegations in Paragraph 78.

79.     Denied.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and therefore deny them. Defendants deny the balance of this paragraph, including without limitation the suggestion that any personal information was required as a condition to participate in any "lottery." Defendants deny that the Petition program was a "lottery" and deny that any "lottery" existed.

81.     Denied.

82.     Paragraph 82 is denied as stated. To the extent any further response is required, Defendants admit only that Plaintiff's pleadings in this lawsuit speak for themselves as to the relief requested. Defendants deny the allegations in this Paragraph in all other respects.

83.     Paragraph 83 is denied as stated. To the extent any further response is required, Defendants admit only that Plaintiff's pleadings in this lawsuit speak for themselves as to the relief requested. Defendants deny the allegations in this Paragraph in all other respects.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief sets forth requests for relief rather than allegations of fact, to which no response is required. To the extent any response is required, Defendants deny that Plaintiff (or any putative class) is entitled to any relief whatsoever, including the relief requested in subparagraphs (a) through (g).

## DEMAND FOR JURY TRIAL (Response)

Plaintiff's jury demand requires no response.

## AFFIRMATIVE DEFENSES

Without admitting any allegation or shifting any burden of proof, and reserving all defenses, Defendants assert the following affirmative and other defenses:

1. Plaintiff provided no legally sufficient consideration for any alleged contract; alternatively, any consideration failed.

2. Plaintiff cannot establish causation. Any alleged injury was not proximately caused by Defendants' conduct; rather, any alleged harm resulted from Plaintiff's own decisions or the acts or omissions of third parties for whom Defendants are not responsible.

3. No actionable misrepresentation occurred. The challenged statements were true or substantially true, and, to the extent they constitute political speech, are not actionable as a matter of law.

4. Any alleged reliance by Plaintiff was not reasonable or justifiable in light of publicly available materials and disclosures, including that any $1,000,000 payment was conditioned on service as a paid spokesperson.

5. Plaintiff alleges no legally cognizable, non-speculative damages. The provision of contact information to verify legitimate Petition signers and administer the Petition does not constitute compensable injury or loss.

6. No contract existed between Plaintiff and Defendant(s).

7.    Any alleged entitlement was subject to conditions precedent—including eligibility, verification, and execution of required agreements—that were not satisfied.

8.    To the extent Plaintiff contends any contract required a "lottery," any such contract would be void as illegal and against public policy and therefore unenforceable. Defendants deny that any lottery existed.

9.    Plaintiff consented to, and voluntarily provided, any personal information with knowledge that the information would be used to verify legitimate petition signers and administer the petition. Any alleged risks associated with such voluntary submission were assumed by Plaintiff.

10.   Defendants' handling of personal information complied with America PAC's Privacy Policy and related disclosures

11.   Equitable relief is improper because Plaintiff has an adequate remedy at law, cannot demonstrate irreparable harm, and cannot satisfy the remaining equitable factors. Any request for destruction of data or other mandatory relief is overbroad and inequitable.

12.   Material variations in state law, choice-of-law principles, and extraterritorial limitations preclude the relief sought.

13.   Plaintiff's claims are barred, in whole or in part, by laches.

14.   Plaintiff's claims are barred, in whole or in part, by waiver.

15.   Plaintiff's claims are barred, in whole or in part, by estoppel.

16.   Plaintiff's claims are barred, in whole or in part, by ratification.

17.   Plaintiff's claims are barred, in whole or in part, by res judicata.

18.   Plaintiff's claims are barred, in whole or in part, by payment.

19.   Plaintiff's claims are barred, in whole or in part, by release.

20.   Plaintiff's claims are barred, in whole or in part, by res judicata.

21.     Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or repose, to the extent such periods apply.

22.     Any recovery must be reduced by setoff, offset, credit, recoupment, and/or Plaintiff's failure to mitigate.

23.     To the extent applicable, Plaintiff's tort theories are barred by the economic-loss and independent-injury principles where the alleged loss is not independent of, and duplicates, the asserted contractual bargain.

24.     Any demand for punitive or exemplary damages is barred or limited by applicable statutes and constitutional due-process constraints, including proportionality and fair-notice limits.

25.     Plaintiff's Texas Deceptive Trade Practices Act claim has been dismissed. To the extent Plaintiff attempts to re-plead or re-label that claim, such efforts are barred by the Court's order on Defendants' Motion to Dismiss, the law-of-the-case doctrine, and/or preclusion.

Defendants reserve all defenses available under Rule 8(c) and otherwise at law or in equity, including defenses that may become apparent through discovery.

Respectfully submitted,

*/s/ Anne Marie Mackin*
Andy Taylor
Texas State Bar No. 19727600
Anne Maire Mackin
Texas State Bar No. 24078898
Jesse Vazquez*
Florida State Bar No.1013573
Lex Politica PLLC
#129 7415 SW Parkway
Building 6, Suite 500
Austin, TX 78735Telephone: 512-354-1785
ataylor@andytaylorlaw.com
jvazquez@lexpolitica.com
amackin@lexpolitica.com

**COUNSEL FOR DEFENDANTS**

**Admitted* pro hac vice