IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCAFERTY, individually and on behalf of others similarly situated,<br>　　　*Plaintiff*,<br>vs.<br><br>ELON REEVE MUSK & AMERICA PAC,<br>　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:24-cv-1346-RP |

**PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER
TO PERMIT DISCOVERY SHARING**

TO THE HONORABLE ROBERT PITMAN:

Plaintiff Jacqueline McAferty, individually and on behalf of all others similarly situated, respectfully moves to modify the Protective Order entered in this action, and would respectfully show as follows:

## I.     INTRODUCTION

This motion seeks a limited modification of the Court's Protective Order to allow discovery sharing between this action and the parallel *Harvick* case involving the same Defendants and the same alleged promotional campaign. Without modification, the parties will be required to duplicate document production and repeat depositions concerning identical issues. The requested relief will eliminate unnecessary duplication while leaving all confidentiality protections intact.

1

## II.   BACKGROUND

### A. The Scheme

This putative class action arises from Defendants' public promotion of a purported $1 million-per-day "random" drawing tied to an America PAC petition. As alleged in the Complaint, Defendants publicly represented that individuals who signed the America PAC petition and provided personal identifying information would be "randomly" selected in a daily drawing to receive $1,000,000. Plaintiff alleges these representations were false and that winners were pre-selected, not randomly drawn. Plaintiff and over one million signers allegedly provided valuable personal identifying information in reliance on those representations. The case asserts claims for fraud, breach of contract, unjust enrichment, and injunctive relief.

### B. The Sister Case

A parallel action — Case No. 1:24-cv-01373; *Harvick v. Elon Musk & America PAC* — is pending before this Court and challenges the same course of conduct by the same Defendants. The complaints in the two actions are materially identical in structure and substance. As the Court recently noted in *Harvick*, "[t]he plaintiffs' complaints are practically identical and are filed against the same Defendants." [*Harvick,* Dkt. 25, p. 1]. When ruling on the *Harvick* motion to dismiss, the Court "largely reiterate[d] the order entered in *McAferty*." [*Id.*]. Both lawsuits:

- Concern the same America PAC petition;
- Challenge the same alleged $1 million promotional representations;
- Assert overlapping class definitions; and

2

- Seek relief arising from the same alleged conduct.

Discovery in both cases has focused on:

- The design and administration of the purported drawing;

- Communications concerning the selection of "winners;"

- The use and value of petition signers' personal identifying information; and

- Defendants' internal decision-making regarding the promotion.

A Protective Order has been entered in this action governing the designation and handling of confidential discovery materials [Dkt. 36]. Absent modification, the parties would be forced to duplicate discovery in two materially identical cases, including re-taking depositions of the same witnesses. This duplication has already occurred to some extent, underscoring the need for sharing. This result was unexpected, as Plaintiff's counsel in both suits believed that Defendants would have no issue with sharing within those suits and would welcome the efficiency instead of producing witnesses multiple times.

Plaintiff therefore seeks a limited modification of the Protective Order to permit discovery materials produced in this action, including documents, written discovery responses, and deposition transcripts, to be shared with counsel in the related *Harvick* case as well as this case, subject to the same confidentiality protections already in place.

Counsel have conferred. Defendants oppose the requested modification, namely the sharing of deposition transcripts between counsel for Plaintiffs in *Harvick* and this case.

### III.   LEGAL STANDARD

The test for allowing modification of a protective order to allow discovery sharing was stated by Fifth Circuit Senior Judge Minor Wisdom, sitting by designation with the

3

Seventh Circuit in the case of *Wilk v. American Medical Association*, 635 F.2d 1295 (7th Cir. 1980). Judge Wisdom held:

> where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order.

*Id.* at 1299 (citations omitted).

Judge Wisdom noted that "[t]his presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process." *Id.; see also Bell v. Chrysler Corp.*, 3:99-CV-0139-M, 2002 U.S. Dist. LEXIS 1651, at *6 (N.D. Tex. 2002) ("It is undoubtedly more efficient to 'share' discovery to avoid duplicative efforts, especially in a case where the identical issue is being litigated.").

In *Idar,* the U.S. District Court for the Southern District of Texas entered a protective order which contained the language authorizing the disclosure of discovery materials to similar litigants who agreed to be bound by the protective order. *Idar v. Cooper Tire & Rubber Co*., 2011 WL 688871, at *3 (S.D. Tex. Feb. 17, 2011). The defendant sought mandamus from the Fifth Circuit attempting to prevent the entry of that order, but the Fifth Circuit denied the petition. Since that time, the *Idar* Order has been praised by courts of

4

other jurisdictions. For instance, the United States District Court for the Eastern District of New York wrote:

> [T]he Court notes that allowing the sharing of discovery among related cases is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases. "[F]ederal courts have 'overwhelmingly embraced' this practice to streamline discovery and promote access to court proceedings."

*Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012), citing *Idar*, at *3. Under these authorities, modification should be permitted absent tangible prejudice.

## IV. ARGUMENT

### A. The Two Cases Involve Identical Defendants, Conduct, and Evidence.

Both *McAferty* and *Harvick* arise from the same alleged promotional campaign. The central factual issues — whether the drawing was random, how winners were selected, what Defendants represented publicly, and how personal identifying information was collected and used — are identical. The same custodians, the same communications, and the same witnesses are involved in both actions. Without discovery sharing, the parties would re-depose the same witnesses and re-litigate the same discovery disputes throughout the case. This is precisely the inefficiency *Wilk* seeks to prevent.

### B. The Requested Modification Does Not Expand Public Disclosure.

Plaintiff does not seek to alter confidentiality protections. All shared materials will:

- Remain subject to the Protective Order in this case;
- Retain all confidentiality designations;

5

- Be used solely in the related litigation; and

- Remain protected from public disclosure absent further Court order.

The modification merely allows efficient use of discovery in materially identical proceedings.

### C.  There Is No Tangible Prejudice to Defendants.

Because both actions involve the same Defendants and the same alleged conduct, Defendants cannot demonstrate tangible prejudice from permitting shared discovery. To the extent concerns were raised about how deposition testimony may be used in another case, those concerns relate to admissibility, not discoverability. Admissibility will be governed by the Federal Rules of Evidence and Civil Procedure at the appropriate time. Yet it is clear that deposition testimony given in one case is reasonably calculated to lead to relevant evidence in the other case. As such, the requested modification does not affect evidentiary rights. It merely prevents duplicative discovery. Under *Wilk* and Fifth Circuit practice, modification is appropriate.

### V.  PROPOSED MODIFICATION

Plaintiff respectfully requests that the Protective Order be modified to include language substantially as follows:

> Discovery materials produced in this action, including documents, written discovery responses, and deposition transcripts, may be disclosed and used in the related action styled Case No. 1:24-cv-01373; *Harvick v. Elon Musk & America PAC* pending in the United States District Court for the Western District of Texas, provided that all such materials remain subject to this Protective Order and any recipient agrees in writing to be bound by its terms.

## VI. PRAYER

For these reasons, Plaintiff respectfully requests that the Court modify the Protective Order to permit discovery sharing between this action and the parallel *Harvick* litigation and grant such further relief to which Plaintiff may be justly entitled.

                                            Respectfully submitted,

                                            */s/ Jarrett L. Ellzey*
                                            Jarrett L. Ellzey
                                            Texas Bar No. 24040864
                                            jellzey@eksm.com
                                            Leigh S. Montgomery
                                            Texas Bar No. 24052214
                                            lmontgomery@eksm.com
                                            ELLZEY KHERKHER SANFORD
                                            MONTGOMERY, LLP
                                            4200 Montrose Blvd., Ste. 200
                                            Houston, Texas 77006
                                            Telephone: (888) 350-3931

                                            **Counsel for Plaintiff**

## CERTIFICATE OF CONFERENCE

Counsel in *Harvick* recently inquired whether Defendants' counsel were agreeable to discovery sharing between the *Harvick* and *McAferty* lawsuits. Counsel in McAferty followed with the same inquiry on February 19, 2026. While Defendants' counsel agreed to the sharing of documents that have been produced, Defendants' counsel refuse to agree to the sharing of deposition testimony between cases.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system of the United States District Court for the Western District of Texas. I further certify that all counsel of record who have appeared in this action and are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey