IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCAFERTY, individually and on behalf of all others similarly situated, *Plaintiff,* | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | No. 1:24-cv-1346-RP |
| ELON REEVE MUSK & AMERICA PAC, *Defendants.* | §<br>§<br>§ | |

### DEFENDANTS' APPEAL OF MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDER EXTENDING CLASS-CERTIFICATION DEADLINE

Defendants Elon Musk and America PAC respectfully appeal, pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Rule 4(a) of Appendix C to the Local Rules, the portion of the Magistrate Judge's June 25, 2026, Order requiring the parties to submit a proposed Second Amended Scheduling Order "setting the class certification deadline 60 days after the date of Judge Pitman's Order" on Defendants' Motion for Summary Judgment and extending later deadlines commensurately. Dkt. 61 at 3.

Defendants do not appeal the portion of the Order extending Phase One discovery for 60 days for the limited discovery matters addressed in the Order. Defendants appeal only the separate portion of the Order reviving and resetting Plaintiff's class-certification deadline. That portion of the Order is contrary to law because Plaintiff never specifically requested an extension of the class-certification deadline, never identified that deadline by date, never made a deadline-specific showing of good cause under Rule 16(b)(4), and never made any showing of excusable neglect after the deadline expired. Instead, the Order sua sponte revived an already-expired class-certification deadline based on

1

the Court's assumption that the deadline had been "on hold."[1] The Federal Rules do not permit that result.

## BACKGROUND

On February 27, 2026, Plaintiff filed an Amended Motion to Extend Scheduling Order. Dkt. 41. The motion requested that the Court "extend the current close of phase one discovery 90 days forward from the current deadline and extend all subsequent deadlines in the same manner." *Id.* at 1. The substance of the motion, however, concerned only Phase One discovery disputes: Defendants' objection to the deposition of Mr. Musk, Defendants' non-responsiveness redactions, and discovery sharing between this case and *Harvick v. Musk, No.* 1:24-cv-01373-RP. *Id.* at 1–5. Plaintiff's stated justification was that she needed additional Phase One discovery before summary judgment. *Id.* at 2, 5. Plaintiff did not identify the class-certification deadline, did not state the date of that deadline, did not explain why that deadline could not be met, and did not seek expedited consideration before the deadline expired.

At the June 23, 2026, hearing, the discovery issues before the Magistrate Judge concerned Plaintiff's requested Phase One discovery, including the deposition of Mr. Musk and the reproduction of documents without non-responsiveness redactions. The class-certification deadline was not pending. Under the governing scheduling order, Plaintiff's deadline to move for class certification was April 1, 2026. Dkt. 29 at 2. Plaintiff did not file a class-certification motion by that date. Nor did Plaintiff move before the deadline expired to extend it. The Court nevertheless expanded the relief beyond the discovery issues presented, explaining that "all deadlines" would need to be reset because the Court had "assumed [the class certification deadline] was on hold."[2]

---

[1] June 23, 2026, Hr'g Tr. 43:17–21 (Appx.4)
[2] June 23, 2026, Hr'g Tr. 43:1–21 (Appx.4)

The written Order did just that. Although it granted Plaintiff's motion in part by extending the Phase One discovery deadline for 60 days from June 25, 2026, Dkt. 61 at 3, it also revived the expired class-certification deadline by directing the parties to submit a proposed Second Amended Scheduling Order setting that deadline 60 days after a future ruling on Defendants' Motion for Summary Judgment and extending all later deadlines commensurately. *Id.*

That portion of the Order should be set aside.

## LEGAL STANDARD

A party may appeal a magistrate judge's order on a non-dispositive matter within 14 days after issuance of the order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Appendix C, Rule 4(a). The district judge must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Legal conclusions are reviewed *de novo* under the "contrary to law" standard. *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-00280-JKP, 2021 WL 2516089, at *1 (W.D. Tex. June 18, 2021); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Fifth Circuit requires the party seeking modification to show that the deadline could not reasonably be met despite that party's diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003). Courts consider: (1) the explanation for the failure to comply with the scheduling order; (2) the importance of the requested modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536; *Springboards to Educ., Inc. v. Houst. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019).

If the relevant deadline has expired, Rule 6(b)(1)(B) also applies. That rule allows an extension after expiration only "on motion" and only if the party failed to act because of "excusable neglect."

3

Fed. R. Civ. P. 6(b)(1)(B). Plaintiff made no such motion and no such showing as to the class-certification deadline.

**ARGUMENT**

This Rule 72(a) challenge concerns only the portion of the Order that revived Plaintiff's expired class-certification deadline. That portion of the Order is contrary to law for three independent reasons. First, the pendency of Plaintiff's motion to extend Phase One discovery did not toll, suspend, or preserve the separately set class-certification deadline. That deadline continued to run and expired by operation of law, and Plaintiff did not seek expedited relief before it expired. Second, once the class-certification deadline expired, any extension required Plaintiff to show excusable neglect under Rule 6(b)(1)(B) and good cause under Rule 16(b)(4). Third, the Order sua sponte revived a deadline that Plaintiff never specifically identified and then tethered the new class-certification deadline to a separate judicial event: the district judge's future ruling on an unrelated Report and Recommendation. Nothing in Rule 16(b)(4) authorizes that relief, and the Fifth Circuit's decision in *Culberson v. Clay County*, 98 F.4th 281 (5th Cir. 2024), confirms that deadline-specific relief must be requested and justified. For those reasons, the Order should be set aside in relevant part.

A. **The Order Is Contrary to Law Because Plaintiff Did Not Specifically Request an Extension of the Class-Certification Deadline.**

Plaintiff's motion sought relief directed to Phase One discovery. Dkt. 41 at 1–5. The motion's introduction, argument, and conclusion focused on Plaintiff's asserted need to complete Phase One discovery, obtain Mr. Musk's deposition, obtain unredacted documents, and respond to summary judgment. *Id.* Plaintiff's motion did not mention the class-certification deadline by name or date. It did not argue that class-certification briefing could not be completed on time, address the importance of extending that deadline, show diligence specific to class certification, or identify any prejudice from enforcing the deadline.

Plaintiff also did not seek expedited relief before the deadline expired. That matters. Under Rule 16(b)(4), the burden is on the party seeking modification to show good cause for modifying the specific deadline at issue. *S&W Enters.*, 315 F.3d at 535–36. Here, there was no deadline-specific showing of good cause for reviving the separate class-certification deadline, particularly where the motion's actual justification addressed only Phase One discovery disputes and summary-judgment-related discovery.

The Fifth Circuit's decision in *Culberson v. Clay County* confirms the point. 98 F.4th 281 (5th Cir. 2024). There, the plaintiff argued that an order extending discovery and motions deadlines also extended a separately set expert-designation deadline. The Fifth Circuit rejected that argument because the relevant motion specifically addressed discovery and motions deadlines, not the separate expert deadline. *Id.* at 286–87. That principle controls here. Deadline-specific relief must be requested and justified; it cannot be inferred from a motion directed to other deadlines. The error is even clearer here than in *Culberson*: Plaintiff's motion sought a Phase One discovery extension and addressed discovery-related prejudice, but it did not specifically request an extension of the class-certification deadline, identify that deadline by name or date, or make the showing required to reopen it. The Order therefore did more than construe Plaintiff's requested relief broadly; it granted new and highly consequential scheduling relief that Plaintiff never sought. If a party cannot obtain an extension of a separate deadline by implication in *Culberson*, Plaintiff certainly could not obtain sua sponte revival of an expired class-certification deadline based on a discovery motion that never requested that relief.

**B.      The Court's Assumption That the Class-Certification Deadline Was "On Hold" Was Contrary to Law.**

The hearing transcript confirms that the class-certification extension was not based on a class-specific Rule 16 showing. The Court stated that the class-certification deadline had "passed on April 1st of 2026" and that the Court "assumed that was on hold."[3] That assumption was legally incorrect. The pendency of Plaintiff's motion to extend the Phase One discovery deadline did not automatically stay, suspend, or toll the separately set class-certification deadline. Nor did the pendency of that motion relieve Plaintiff of the obligation to seek specific relief as to that deadline, seek expedited consideration, or file a protective class-certification motion. Deadlines in a scheduling order remain operative unless and until modified by court order. Fed. R. Civ. P. 16(b)(4).

Plaintiff had several available options before the class-certification deadline expired. She could have filed a motion specifically requesting an extension of that deadline, could have sought expedited consideration of any request that she believed affected class certification, or could have filed a protective class-certification motion. Yet she did none of those things. Instead, the class-certification deadline expired, and the Order later revived it without the showing required by the Federal Rules. The Court should set aside that portion of the Order because Rule 6(b)(1)(B) does not permit an expired deadline to be reopened by assumption, implication, or a catch-all request directed to other deadlines.

**C.      The Order Revived an Expired Deadline Without a Showing of Excusable Neglect or Good Cause.**

By the time of the June 23 hearing and June 25 Order, the class-certification deadline had already expired. Once that deadline expired, Plaintiff could not obtain an extension without satisfying the applicable post-expiration standard. Rule 6(b)(1)(B) permits an extension after expiration only "on motion" and only where the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

---

[3] June 23, 2026, Hr'g Tr. 43:17–21 (Appx.4)

Rule 16(b)(4) separately required good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4); *S&W Enters.,* 315 F.3d at 535–36.

Plaintiff made neither showing. After the class-certification deadline expired, she never moved to reopen it, never argued excusable neglect, and never explained why the April 1, 2026, deadline was missed. Nor did she make any class-certification-specific showing of diligence, importance, prejudice, or the need for a continuance under Rule 16(b)(4). The Order therefore bypassed both Rule 6(b)(1)(B) and Rule 16(b)(4).

The absence of a class-certification-specific showing is especially important because the Order did more than extend remaining deadlines by 60 days. It reset the already-expired class-certification deadline to a new date 60 days after a future ruling on Defendants' Motion for Summary Judgment. Dkt. 61 at 3. That new trigger was not requested by Plaintiff, was not tied to any finding of diligence, and was not based on any class-certification-specific showing. The Federal Rules do not permit revival of an expired deadline based on implication, assumption, or a generalized request directed to other deadlines. *See* Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4); *Culberson*, 98 F.4th at 286–87.

### D.      The Error Is Prejudicial and Material.

The class-certification deadline is not a ministerial scheduling date. It is the deadline for Plaintiff to invoke Rule 23, which is an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). Whether Plaintiff may proceed individually or on behalf of a putative class materially changes the posture, scope, cost, and stakes of the case. The Fifth Circuit has recognized that class certification "dramatically affects the stakes for defendants" and "creates insurmountable pressure on defendants to settle, whereas individual trials would not." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996). Reviving the expired class-certification deadline therefore did not merely adjust a housekeeping

date. It restored a litigation vehicle Plaintiff allowed to lapse and exposed Defendants to class-certification proceedings that Plaintiff failed to timely initiate.

That prejudice is not cured by the limited extension of Phase One discovery. Defendants do not challenge in this appeal the Order's limited 60-day extension of Phase One discovery for the discovery matters actually addressed in the Order: Mr. Musk's deposition, non-responsiveness redactions, and discovery sharing between this case and *Harvick*. They challenge only the separate portion of the Order that revived Plaintiff's already-expired class-certification deadline. The issue is whether that limited discovery extension also revived a separate, expired class-certification deadline that Plaintiff never specifically identified and as to which she made no showing under Rule 6(b)(1)(B) or Rule 16(b)(4). It did not. *See S&W Enters.,* 315 F.3d at 535–36; *Culberson*, 98 F.4th at 286–87.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court set aside the portion of the Magistrate Judge's June 25, 2026, Order requiring the parties to submit a proposed Second Amended Scheduling Order setting the class-certification deadline 60 days after a future ruling on Defendants' Motion for Summary Judgment and extending later deadlines commensurately. The Court should clarify that the Order extended only the Phase One discovery deadline for the limited discovery matters addressed in the Order and did not revive Plaintiff's expired class-certification deadline.

Dated: July 7, 2026

Respectfully submitted,

*/s/ Nadin Rabelo Linthorst*
Nadin Rabelo Linthorst*
New York State Bar No. 5559042
Anne Marie Mackin
Texas State Bar No. 24078898
Jesse Vazquez*
Florida State Bar No.1013573
Andy Taylor
Texas State Bar No. 19727600
Lex Politica PLLC
P.O. Box 341015
Austin, TX 78734

8

Telephone: (512) 354-1785
nlinthorst@lexpolitica.com
amackin@lexpolitica.com
jvazquez@lexpolitica.com
ataylor@vantage.network

**COUNSEL FOR DEFENDANTS**

\**Admitted* pro hac vice

9